STATE EX REL. BROADWATER COUNTY ET AL., RELATORS, *v.* POTTER ET AL., RESPONDENTS.

(No. 7,856.)

(Submitted September 30, 1938. Decided November 18, 1938.)

[84 Pac. (2d) 796.]

*Messrs. John G.* and *William A. Brown,* for Relators, submitted a brief, the latter arguing the cause orally.

*Mr. Sam D. Goza, Jr.,* and *Mr. S. C. Ford,* for Respondents, submitted a brief, and argued the cause orally.

*Mr. Harrison J. Freebourn,* Attorney General, *Amicus Curiae, Mr. Mark H. Derr,* Assistant Attorney General, and *Mr. Clarence Hanley,* Special Assistant Attorney General, submitted a brief; *Mr. Hanley* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an original proceeding in mandamus. The facts alleged are that the county commissioners of Broadwater county, constituting the County Welfare Board, have been required to sit as a Board of Public Welfare two days out of each month and, additionally, to hold certain special meetings; that demand has been made upon respondents to pay the per diem and mileage of the county commissioners for such meetings; that respondents have failed and refused to comply with the demand; that there is now due and owing from respondents the sum of $416, and that other county commissioners are similarly situated, making the total sum involved in all counties in excess of $45,000.

An alternative writ was applied for and issued, requiring respondents to show cause, if any they have, why they should not be ordered to pay relators the sum of $416 and future per diem and expenses while sitting as the County Board of Public Welfare. Respondents filed a motion to quash and an answer

raising as the principal question that of whether the demand is a proper and legal charge against the respondents.

Answer to the question must be found in Chapter 82, Laws ██ of 1937. Subdivision (b) of section IX of Part I of the Act makes the board of county commissioners ex-officio the County Welfare Board, and provides that the board "shall receive the same compensation for their services when acting as the county board of public welfare as they receive when acting as the board of county commissioners and shall be limited as to meetings as now provided by law."

The question before us is whether this compensation must be paid by the county or by the State Board of Public Welfare. Other provisions of the statute bearing upon the question are found in subdivision (b), section X of Part I of the Act, reading: "(b) Each county board shall select and appoint, from a list as qualified by the state department, such staff personnel as are necessary. The staff personnel in each county shall consist of at least one qualified staff worker (or investigator) and such clerks and stenographers as may be decided necessary by the county board. If conditions warrant, the county board, with the approval of the state department, may appoint one of the local staff of public assistance workers in a supervisory capacity. The staff personnel of each county department are directly responsible to the county board, but the state department shall have the authority to supervise such county employees in respect to the efficient and proper performance of their duties. Public assistance staff personnel attached to the county board shall be paid from state public welfare funds. One-half of the administrative cost of the county department shall be reimbursed to the state treasurer by the county in accordance with the terms of this Act."

Obviously, there is nothing in subdivision (b) just quoted that indicates that the state board must pay the expenses and per diem of the members of the county board. Relators contend that the last statement in subdivision (b) indicates that the state must pay it as a part of the "administrative cost of the

county department," for, if this were not so, they contend there would be no occasion for reimbursement to the extent of one-half thereof. But the administrative cost therein referred to has to do with the cost of the staff personnel attached to the county board, which that section specifically provides shall be paid from state public welfare funds.

As further evidence of the legislative intent that expenses and per diem of members of the county board were not to be paid from funds of the state department is the specific provision relating to the per diem and expenses of the state board members. Subdivision (e) of section II of Part I of the Act, after providing that the members of the state board shall receive no other salary but a per diem and expenses limited to $500 per year, is specific in providing that, "Per diem and expenses of state board members shall, upon claims being presented according to state law, be paid out of funds appropriated to the state department of public welfare" (p. 155, Chap. 82). If the same rule were intended to apply to per diem and expenses of members of the county board, it would seem the legislature would have so stated. The fact that the legislature was so specific as to the state board leaves room for the inference that without such a specific provision the legislature thought that even their expenses and per diem were chargeable to the county since the state board is co-operating in discharging an obligation primarily owed by the county and hence might be deemed an agent of the county. (Const., Art. X, sec. 5).

Relators contend that under the decision of this court in *State ex rel. Wilson* v. *Weir*, 106 Mont. 526, 79 Pac. (2d) 305, the statutes make the County Welfare Board an arm of the state board, and that the duty of caring for the poor rests in the state board. The decision in the *Weir Case* did not go that far. We there said: "By Chapter 82 the 'entire and exclusive superintendence of the poor' is no longer vested in the board of county commissioners as it was under section 4521. The burden of caring for the poor and needy has assumed such

proportion that the state and federal governments now co-operate with the counties in these matters." We reaffirm those statements. Many provisions of the Act vest in the county board the local administration of the Act subject to the general supervision of the state board. The county must bear its proportionate share of the social relief as in the Act provided. Under the law, it still has definite obligations to the poor and needy. The matter is one of mutual concern of the counties, state and nation.

When the Act provides, as it does, that the members of the County Welfare Board shall receive the same compensation for their services when acting as the County Welfare Board as they receive when acting as the board of county commissioners, it must be payable by the county, in the absence of any other provision making it payable from some other source. In effect, Chapter 82 simply adopts the provisions of the general statute, section 4464, Revised Codes, and makes them applicable to the county commissioners while sitting as the Board of County Public Welfare.

The writ applied for is denied and the proceeding dismissed.

MR. CHIEF JUSTICE GODDARD and ASSOCIATE JUSTICES STEWART, ANDERSON and MORRIS concur.